UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA


DYMA LOVING

        Plaintiff,                         CASE NO.:

v.


MIAMI-DADE COUNTY, FLORIDA;
MIAMI-DADE COUNTY POLICE DEPARTMENT;
ALEJANDRO GIRALDO, Miami-Dade
County Police Officer, in his individual and officer
Capacity;
J.F. CALDERON,
Miami-Dade County Police Officer, in his individual
And official capacity;

        Defendants.

_____/


PLAINTIFF, DYMA LOVING, hereby files this Complaint against the Defendants

MIAMI-DADE COUNTY, FLORIDA ("MIAMI-DADE"), MIAMI-DADE COUNTY POLICE

DEPARTMENT, and MIAMI-DADE COUNTY POLICE OFFICER ALEJANDRO GIRALDO,

individually; MIAMI-DADE COUNTY POLICE OFFIER J.F. CALDERON, Individually

(Collectively "DEFENDANT OFFICERS") and states as follows:


**JURISDICTION AND VENUE**


1.      This is an action for damages in excess of $75,000, exclusive of interest, costs,

and attorneys' fees.

2.      Venue is proper in Miami-Dade County, Florida because the arrest from which this cause of action arises occurred in Miami-Dade County, Florida.

3.      Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

## PARTIES

4.      Plaintiff, Dyma Loving (hereinafter "Ms. Loving") is sui juris and was at all relevant times an adult resident of Miami-Dade County, Florida.

5.      Defendant, MIAMI DADE COUNTY, FLORIDA, is a municipal corporation and governmental subdivision that is organized and existing under the laws of the State of Florida located in Miami-Dade County, Florida. The County owns, operates, manages, directs and controls the MIAMI-DADE COUNTY POLICE DEPARTMENT.

6.      Defendant, Officer Alejandro Giraldo was an employee of the MIAMI-DADE COUNTY POLICE DEPARTMENT, and upon information and belief is a resident of Miami-Dade County, Florida.

7.      Defendants, MIAMI-DADE COUNTY and MIAMI-DADE COUNTY POLICE DEPARTMENT were at all relevant times responsible for its employees. MIAMI-DADE COUNTY POLICE DEPARTMENT is charged under law with the duty of hiring, supervising, training, disciplining, and establishing policy such that the conduct of its employees will conform to both the Constitutions of the State of Florida and of the United States, as well as the laws of said sovereigns.

8.    MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and its officers, DEFENDANT OFFICER are "persons" for purposes of 42 U.S.C. Section 1983.

9.    At all times relevant to this cause, the DEFENDANT OFFICER acted in conformance with policy pertaining to, among other things, investigation, arrests, and use of force, as set by the MIAMI-DADE COUNTY POLICE DEPARTMENT, as well as acting within the course and scope of their employment. At all times, the DEFENDANTS acted under color of law.

10.    This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11.    On March 5, 2019, at approximately 10:18 AM, OFFICERS GIRALDO and CALDERON were dispatched as back up, in emergency mode, to an assault with a firearm reported by Ms. Dyma Loving and Ms. Adriana Green. At the location, and while investigating the assault, they were speaking with Ms. Loving and Ms. Green, the two victims of an aggravated assault with a deadly weapon that both officers were dispatched for.  However, Ms. Loving was subsequently arrested for disorderly conduct and resisting officer without violence to his person, despite being under extreme emotional distress and simply requesting to make contact with her children.

12.    The body camera and cell phone videos show that after Officers Giraldo and Calderon arrive at the scene, they immediately begin to aggressively interrogate Ms. Loving and

Ms. Green. The first question he asks the two is "which one of you called him (Frank Tumm) a faggot?" which Ms. Green responded with "I did, after he called me a hooker." Officer Giraldo then asks who used the derogatory term first. Ms. Green then lets Giraldo know that Tumm had been calling her names "over the past few days" and Officer Calderon asks why she had not called the police before. Ms. Green then stated, "Why would I call the police for him (Tumm) calling me names?" followed by "but this time he pulled out a freaking gun."

13.     Ms. Loving and Ms. Green, both visibly upset from the traumatic experience of having a shotgun pointed at them, excitedly try to explain to the officers what happened.

14.     Officer Giraldo flippantly asked Ms. Loving if she knew what the color of the shotgun was, clearly dismissing her account of having a shotgun pointed in her face.

15.     Officer Giraldo tells them that they are trying to scream, but Ms. Green responds with "we aren't trying to scream, we are like…" Officer Calderon says, "I get it, you're reacting", acknowledging that they just had a traumatic experience and were upset but did not like their tone of voice.

16.     Ms. Green then tells the officers that there are cameras around that would have captured what happened.

17.     Giraldo then asks, "where are they," in reference to the cameras.

18.     Ms. Loving responds by pointing the officers to the direction of cameras, and then says, "yall (in reference to the officers) need to do something." Giraldo then responds in an aggressive manner by telling Ms. Loving "you need to chill out or you will be arrested," as he quickly approaches with handcuffs and speaks directly in her face.

19.     Ms. Loving then stated, "I had a gun pointed in my face, I just want to call my kids."

20.     Body camera worn by Officer Giraldo and Ms. Green's cell phone did not capture any acts of disorderly conduct by Ms. Loving or an attempt at resisting arrest by Officer Giraldo.

21.     OFFICER GIRALDO would later write in his arrest affidavit that Ms. Loving would not obey commands. This assertion would easily be dismissed by OFFICER GIRALDO'S camera footage, which shows no resistance or disobedience by Ms. Loving.

22.     The audio and video captured by OFFICER GIRALDO's camera shows that this also never happened.

23.     On March 5, 2019, DEFENDANT OFFICERS of MIAMI-DADE COUNTY POLICE DEPARTMENT, acting within the course and scope of their employment arrested the Plaintiff, Ms. Loving for the following alleged criminal violations: Disorderly Conduct/ Breach of the Peace in violation of Florida Statute 877.03, a misdemeanor of the second degree; and Resisting an Officer without Violence, in violation of Florida Statute 843.02, a misdemeanor in the first degree.

24.     However, on March 20, 2019, the State of Florida announced a Nolle Prosequi on the case brought by these OFFICERS upon finding just cause that the Ms. Loving did nothing criminal that day. The Nolle Prose memorandum from the State attorney's office is attached as Exhibit A of this Complaint.

25.     As a result of the DEFENDANT OFFICER'S illegal arrest and excessive use of force, Ms. Loving suffered injuries to her shoulder, arms, head, face, and legs. At the moment,

Ms. Loving has been experiencing painful, intermittent headaches that immediately began to occur after the actions of the DEFENDANT OFFICERS. The moment she was racially profiled after calling 911 due to her life being placed in danger by Frank Tumm; physically attacked and violently manhandled by the officers that she called for help; unlawfully arrested; falsely imprisoned and forced to spend 15 hours in jail; having to endure video of this violent attack going "viral" on the internet, with some iterations having near 1 million views.

26.     As a result of the DEFENDANT OFFICERS' illegal arrest and excessive use of force, Ms. Loving has suffered special damages, as she will be unable to obtain employment and housing equivalent to people who do not have a criminal record, along with emotional distress that may affect her for a lifetime.

27.     DEFENDANT OFFICERS arrested Ms. Loving without probable cause *as a matter of fact* because Ms. Loving had not committed any offense whatsoever. She and her friend, Ms. Greene, in fact, were the persons who called 911 in an attempt to report their lives being placed in peril by Frank Tumm. Ms. Loving was arrested due to OFFICER GIRALDO being unbalanced, unfit for his position and due to fabricated evidence that was disproved by video evidence from Ms. Green and from his own body camera footage.

36.     Similarly, DEFENDANT OFFICERS arrested Ms. Loving without probable cause *as a matter of law* because officers may not arrest a citizen when no crime has been committed or is in the process of being committed.

## <u>COUNT I: FALSE ARREST AND FALSE IMPRISONMENT UNDER FLA. STAT</u>

## <u>§787.02</u>

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that the Defendants MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and DEFENDANT OFFICERS, Individually, did the following:

37.     On March 5, 2019, DEFENDANT OFFICERS, acting in the course and scope of their duties as police officers employed by the MIAMI-DADE COUNTY POLICE DEPARTMENT, arrested Ms. Loving.

38.     DEFENDANT OFFICERS caused Ms. Loving to be deprived of her freedom and liberty. Each of the DEFENDANTS' acts were done for the purpose of imposing a confinement of Ms. Loving, or with knowledge that such confinement would, to a substantial certainty, result from it, which occurred at the scene of the arrest, and continued on to the jail.

39.     Ms. Loving did not consent to the aforementioned activities of DEFENDANT OFFICERS and such actions were against the will of Ms. Loving.

40.     DEFENDANT OFFICERS' restraint of Ms. Loving was unlawful and unreasonable in that it was not based on lawfully issued process of Court, and DEFENDANT OFFICERS did not have a valid warrant or probable cause for the arrest of Ms. Loving.

41.     DEFENDANT OFFICERS proximately caused Ms. Loving's arrest without probable cause as a matter of law because she had not committed any offense that would justify arrest.

42.     As a proximate and direct result of the foregoing acts, Ms. Loving has suffered grievously, has been brought into public scandal with great humiliation and damage to her reputation and has suffered deprivation of her liberty and freedom, severe mental and emotional suffering arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff Ms. Loving demands judgment for damages against Defendants, MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and DEFENDANT OFFICERS for compensatory damages, special damages, and costs of this action, and demands trial by jury on all issues so triable.

### COUNT II: MALICIOUS PROSECUTION UNDER 42 U.S.C. SECTION 1983

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that the DEFENDANT OFFICERS, Individually, did the following:

43.     On March 5, 2019, DEFENDANT OFFICERS arrested Ms. Loving for Disorderly Conduct/Breach of the Peace in violation of Florida Statute 877.03, a misdemeanor in the second degree; and Resisting an Officer without Violence, in violation of Florida Statute 843.02, a misdemeanor in the first degree.

44.     After arresting Ms. Loving DEFENDANT OFFICERS caused a judicial proceeding to be commenced against Plaintiff Ms. Loving by the filing of Probably Cause Affidavit in Miami-Dade County, Florida.

45.     Ms. Loving was charged with Disorderly Conduct/Breach of the Peace, in violation of Florida Statute 877.03, a misdemeanor in the second degree; and Resisting Officer without Violence to his person, in violation of Florida Statute 843.02, a misdemeanor in the first degree.

46.     Said judicial proceeding was instituted by DEFENDANT OFFICERS without probable cause as Ms. Loving did not commit a crime in the officers' presence or otherwise. The facts observed by DEFENDANT OFFICERS prior to arresting Ms. Loving, and the matters known to them before institution of the aforementioned judicial proceeding, would not have warranted a reasonable person to believe that any criminal offense had been committed by Ms. Loving.

47.     There was an absence of probable cause for the original proceedings against Ms. Loving.

48.      DEFENDANT OFFICERS acted with malice in instituting the foregoing judicial proceeding which is implied by the lack of probable cause, lack of investigation, refusal to interview witnesses, and/or with express malice as shown by their reckless disregard of the Plaintiff's rights and their personal animosity and hostility towards Ms. Loving.

49.     No arrest would have taken place and no charges would have been filed but for the actions of DEFENDANT OFFICERS.

50.     The termination of the original proceedings constituted a bona fide termination of those proceedings in favor of Ms. Loving that resulted in a Nolle Prose upon a finding that the OFFICERS lacked the necessary probable cause and was less than truthful about the events that occurred.

51.     The facts of Plaintiff's prosecution became known to many persons both known and unknown to Plaintiff as a result of being made part of the public records of Miami-Dade County, Florida and appearing on court documents available to public scrutiny, along with the notoriety from social media.

52.     As a proximate and direct result of DEFENDANT OFFICERS, Ms. Loving sustained damages as a result of having been brought into public scandal with great humiliation and damage to her reputation and having been deprived of her liberty and freedom. Ms. Loving suffered severe mental and emotional distress arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future, and she incurred attorney's fees and court costs.

WHEREFORE, Plaintiff Ms. Loving demands judgment for damages against MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and DEFENDANT OFFICERS, Individually, for compensatory damages, special damages, costs of this action, and

attorney's fees, pursuant to 42 U.S.C. Sections 1983 and 1988, and demands trial by jury on all issues so triable.

## COUNT III: NEGLIGENT HIRING OR RETENTION UNDER 42 U.S.C. SECTION 1983

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that DEFENDANT MIAMI-DADE COUNTY did the following:

53.     Defendant, MIAMI-DADE COUNTY, negligently knew or should have known that DEFENDANT OFFICERS were dangerous and incompetent and liable to do harm to citizens or residents of Miami-Dade County, Florida.

54.     Defendant, MIAMI-DADE COUNTY, failed to conduct a reasonable investigation regarding the competence of DEFENDANT OFFICERS to be employed as police officers for the MIAMI-DADE COUNTY POLICE DEPARTMENT.

55.     Defendant, MIAMI-DADE COUNTY, during the course of employment of DEFENDANT OFFICERS became aware or should have become aware of problems with DEFENDANT OFFICERS that indicated their unfitness and/or predisposition to committing a wrong, but failed to take further action such as investigating, discharging or reassignment.

56.     Defendant, MIAMI-DADE COUNTY, owed Ms. Loving, as well as all residents of Miami-Dade County, a duty of care to hire and retain only competent officers.

57.     Defendant, MIAMI-DADE COUNTY, breached its duty of care to Ms. Loving by hiring and retaining incompetent officers such as DEFENDANT OFFICERS.

58.     As a proximate and direct result of the negligence of MIAMI-DADE COUNTY, Ms. Loving suffered severe mental and emotional distress arising from fear of incarceration and

the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

WHEREFORE, Plaintiff Ms. Loving demands judgment for compensatory damages and court costs against MIAMI-DADE COUNTY, and MIAMI-DADE COUNTY POLICE DEPARTMENT, pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues so triable.

## COUNT IV: NEGLIGENT FAILURE TO TRAIN AND SUPERVISE UNDER 42 U.S.C. SECTION 1983

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that DEFENDANT MIAMI-DADE COUNTY did the following:

59.     Defendant, MIAMI-DADE COUNTY, owed the public, including Plaintiff, a duty to properly train and supervise its personnel regarding the improper use of authority and the appropriate procedures to follow when making an arrest for an alleged violation and proper use of force in making a lawful arrest.

60.     DEFENDANT, MIAMI-DADE COUNTY, breached its duty of care to Plaintiff by failing to provide each of the DEFENDANT OFFICERS with proper and special training and/or supervision so that they could be prepared to execute the duties the County reasonably could expect them to perform during the course and scope of their employment.

61.    As a proximate result of lack of training and supervision, DEFENDANT OFFICERS arrested detained, falsely imprisoned, humiliated, embarrassed and caused severe emotional distress; physical injuries; and permanent scarring to an unquestionably innocent person.

62.    As a proximate result of such conduct, Ms. Loving sustained damages, including mental pain and suffering which continue to this day and are likely to continue into the future.

WHEREFORE, Ms. Loving demands judgment for compensatory damages and court costs against MIAMI-DADE COUNTY pursuant to 42 U.S.C. Sections 1983 and 1988 and demands trial by jury on all issues to triable.

## COUNT V: FALSE ARREST/FALSE IMPRISONMENT CLAIM DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTIONS 1983 AND 1988

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that the DEFENDANT OFFICERS, Individually, did the following:

63.    DEFENDANT OFFICERS in all of their actions described in this complaint deprived Ms. Loving of her rights under Color of State Law directly in violation of 42 U.S.C. Section 1983.

64.    DEFENDANT OFFICERS deprived Ms. Loving of her constitutional rights in a way that they fully understood, or should have understood, that their actions were wrongful and in violation of the law.  DEFENDANT OFFICERS by direct or indirect procurement, personally caused Plaintiff's arrest in the absence of probable cause that Plaintiff committed any criminal offense.

65.     The conduct of the DEFENDANT OFFICERS towards Ms. Loving was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Section 1983 to be free from arrest in the absence of probable cause.

66.     As a result of the false arrest, Ms. Loving was deprived of her civil rights as guaranteed by the Fourth Amendment of the Constitution, suffered humiliation, degradation, apprehension for her bodily security, and other mental and emotional harms, which continue to this day and are likely to continue into the future.

67.     Ms. Loving is entitled to attorney's fees expended in this litigation pursuant to 42 United States Code Section 1988.

WHEREFORE, Plaintiff Ms. Loving demands judgment for compensatory and punitive damages against the DEFENDANT OFFICERS and in addition thereto, demands the award of attorney's fees and court costs pursuant to 42 U.S.C. Sections 1983 and 1988 and demands a trial by jury on all issues so triable.

## COUNT VI: DEPRIVATION OF CIVIL RIGHTS BY EXCESSIVE USE OF FORCE IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that Defendant MIAMI-DADE COUNTY did the following:

68.     The DEFENDANT OFFICERS have at all times material hereto had a propensity for which MIAMI-DADE COUNTY knew or should have known and perpetrated unlawful acts under the circumstances against Ms. Loving as police officers while working at the MIAMI-

DADE COUNTY POLICE DEPARTMENT. Despite these officers' propensity and the COUNTY'S knowledge of this propensity, the COUNTY has done nothing to deter this behavior.

69.     The COUNTY'S and officers' treatment of Ms. Loving constitutes a pattern of behavior by the COUNTY, which rises to the level of or implies conclusively the existence of a policy of allowing and passively encouraging, authorizing, or ratifying this behavior.

70.     The Defendant, MIAMI-DADE COUNTY, as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train, or otherwise direct police officers concerning the rights of citizens thereby causing the DEFENDANT OFFICERS to engage in the unlawful conduct described above.

71.     The Defendant MIAMI-DADE COUNTY as a matter of policy and practice has with deliberate indifference failed to properly sanction or discipline their police officers including the DEFENDANTS in this case for violations of the constitutional rights of citizens thereby causing police, including the DEFENDANTS in this case, to engage in unlawful conduct.

72.     These patterns, and implied or explicit policies, have been ratified by the highest decision maker of the COUNTY'S government leadership including the police, the chief, the mayor, city commissioners and/or high officials within the police department itself or other departments.

73.     This pattern and resultant policy acted to directly deprive Plaintiff Ms. Loving of her civil rights as guaranteed to them by the United States Constitution.

74.     In being deprived of her civil rights, Ms. Loving was injured as described above. In addition, Ms. Loving was deprived of her civil liberty and right to be free from such abuse at the hands of the government.

75.     The COUNTY in all of its actions described in the complaint and more specifically in this county deprived Ms. Loving of her rights under color of state law directly in violation of 42 U.S.C. Section 1983.

76.     Ms. Loving is entitled to attorney's fees expended in this litigation pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Ms. Loving demands judgment and compensatory and punitive damages against the Defendant, MIAMI-DADE COUNTY, and in addition demands attorney's fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988 and demands trial by jury on all issues so triable.

## COUNT VII: EXCESSIVE FORCE CLAIM COGNIZABLE UNDER 42 U.S.C. SECTION 1983

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that the DEFENDANT OFFICERS, Individually, did the following:

77.     The force used by the DEFENDANT OFFICERS was unreasonable and unnecessary for the DEFENDANT OFFICERS to defend themselves or any other person from bodily harm during the unlawful arrest of Ms. Loving.

16

78.     The force used by the DEFENDANT OFFICERS was objectively unreasonable and constituted excessive force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Section 1983.

79.     As a direct and proximate result of the acts described above in violation of 42. U.S.C. Section 1983, Ms. Loving has suffered grievously and has been brought into public scandal and with great humiliation, mental suffering and damaged reputation which continues to this day and is likely to continue into the future.

80.     As a direct and proximate result of the conduct of the DEFENDANT OFFICERS, Ms. Loving suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization and medical care and treatment. The losses are either permanent or continuing and Ms. Loving will suffer losses into the future in violation of Ms. Loving's clearly established rights. Ms. Loving also has agreed to pay undersigned a reasonable fee for their services.

WHEREFORE, Plaintiff Ms. Loving demands compensatory and punitive damages, costs and reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988 and requests trial by jury on all issues so triable.

## COUNT VIII: BATTERY

Plaintiff Ms. Loving re-alleges paragraphs 1 through 36 and further states that Defendant MIAMI-DADE COUNTY did the following:

81. On March 5, 2019, employees of MIAMI-DADE COUNTY POLICE DEPARTMENT, acting in the course and scope of their employment, did batter and touch Ms. Loving without the consent of Ms. Loving and against her will.

82.     As a result of the actions of the Defendant MIAMI-DADE COUNTY, Ms. Loving suffered damages which include physical suffering, physical inconvenience, physical discomfort; aggravation of an existing medical condition; expense of medical care and treatment, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to her reputation, the emotional damage and reputational damage are ongoing and will likely continue.

WHEREFORE, Ms. Loving demands judgment against MIAMI-DADE COUNTY for compensatory damages and costs of this action and demands trial by jury of all issues so triable.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Ms. Loving, re-alleges paragraphs 1 through 36 and further states that MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT and the DEFENDANT OFFICERS, Individually, did the following:

83.     The DEFENDANT OFFICERS acting in the course and scope of their duties as police officers employed by the MIAMI-DADE COUNTY POLICE DEPARTMENT intentionally or recklessly arrested Ms. Loving, in the presence of members of the community, without probable cause for alleged offenses that were known to have been committed in the presence of DEFENDANT OFFICERS.  DEFENDANT OFFICERS knew or should have known that emotional distress would likely result.

84.     The conduct of DEFENDANT OFFICERS was egregious and beyond any notion of decency and must be regarded as odious and intolerable in civilized society. DEFENDANT OFFICERS physically attacked and abused Ms. Loving, grabbing her by the neck, obstructing her breathing, whipping her by the neck and arms to the hard pavement, and drilling their bodies into her back while she was lying on the pavement. Subsequently, DEFENDANT OFFICERS falsely imprisoned Ms. Loving by making her spend a long period of time in jail.

85.     As the proximate and direct result of the egregious, intentional and reckless conduct of DEFENDANT OFFICERS, Plaintiff Ms. Loving suffered severe mental and emotional distress arising from fear of incarceration and the humiliation, shame, embarrassment, and disgrace from detention, interrogation, arrest, booking, fingerprinting, and search of her body, bodily injury resulting in physical pain and suffering and diminished health, mental pain and suffering, loss of the capacity for the enjoyment of life, the expense of medical care and treatment, loss of earnings, and diminution and loss of the ability to earn money which are either permanent or continuing to this day and are likely to continue into the future.

86.     DEFENDANT OFFICERS egregious, intentional and reckless conduct was the proximate cause for Ms. Loving's severe emotional distress.

WHEREFORE, Plaintiff demands judgment against MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and the DEFENDANT OFFICERS for compensatory damages and costs of this action and demands trial by jury of all issues so triable.

## COUNT X: CIVIL CONSPIRACY

Plaintiff Ms. Loving, re-alleges paragraphs 1 through 36 and further states that the MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT and the DEFENDANT OFFICERS, Individually, did the following:

87.     The DEFENDANT OFFICERS, OFFICER GIRALDO AND CALDERON, acting in the course and scope of their duties as police officers employed by the MIAMI-DADE COUNTY POLICE DEPARTMENT agreed to fabricate evidence and/or a police report in order to batter, falsely arrest, and maliciously prosecute Plaintiff, Ms. Loving.

88.     In furtherance of this agreement, the DEFENDANT OFFICERS fabricated evidence and/or a police report after battering, falsely arresting, and maliciously prosecuting Plaintiff, Ms. Loving.

89.     As a result of the conspiracy by the DEFENDANT OFFICERS, Ms. Loving suffered damages which include physical suffering, physical inconvenience, physical discomfort, loss of liberty, loss of time, mental suffering, embarrassment, humiliation, disgrace, and injury to their feelings and reputation, the emotional damage and reputation damage are continuing to this day are likely to continue in the future.

WHEREFORE, Ms. Loving demands judgement against MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, and DEFENDANT OFFICERS for compensatory damages, punitive damages, and costs of this action and demands trial by jury of all issues so triable.

## <u>COUNTY XI: GROSS NEGLIGENCE</u>

Plaintiff Ms. Loving, re-alleges paragraphs 1 through 36 and further states that the MIAMI-DADE COUNTY, and MIAMI-DADE COUNTY POLICE DEPARTMENT, did the following:

90.     MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT that employed Defendants was engaged in the exercise of discharge of a governmental function.

91.     The conduct of MIAMI-DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT amounted to gross negligence through its wanton and reckless disregard for proper training and supervision of its officers that was the proximate cause of Ms. Loving's injuries and damages.

92.     The DEFENDANT OFFICERS were working for MIAMI DADE COUNTY, and the MIAMI-DADE COUNTY POLICE DEPARTMENT at the time of the incident complained of herein and had a duty to perform their employment activities so as not to endanger or cause harm to Ms. Loving.

93.     Notwithstanding these duties, DEFENDANTS MIAMI DADE COUNTY, and MIAMI-DADE COUNTY POLICE DEPARTMENT breached these duties with deliberate indifference and gross negligence and without regard to Ms. Loving's rights and welfare through creating a working environment in which the excessive force conduct by the DEFENDANT OFFICERS was viewed as acceptable, which caused serious injuries and damages to Ms. Loving.

94.     DEFENDANTS MIAMI DADE COUNTY, and MIAMI-DADE COUNTY POLICE DEPARTMENT knew or should have known that by breaching these duties they would injure Ms. Loving.

95.     DEFENDANTS had a duty to exercise reasonable care through sufficient training and supervision and their breach of that duty was reckless and amounts to gross negligence.

96.     As a direct and proximate result of the indifferent and grossly negligent acts and/or omissions committed by DEFENDANTS MIAMI-DADE COUNTY, and MIAMI-DADE COUNTY POLICE DEPARTMENT, Ms. Loving has suffered a multitude of injuries and numerous damages.

97.     The actions of DEFENDANTS MIAMI-DADE COUNTY, and MIAMI-DADE COUNTY POLICE DEPARTMENT were so egregious that Ms. Loving's damages were heightened and made more severe, thus entitling Plaintiff to exemplary damages.

WHEREFORE, Plaintiff demands judgment against MIAMI-DADE COUNTY and MIAMI-DADE COUNTY POLICE DEPARTMENT for compensatory and exemplary damages and costs of this action and demands trial by jury of all issues so triable.

## PRAYER OR RELIEF

WHEREFORE, PLAINTIFF, DYMA LOVING, individually demands a trial by jury, and judgement against DEFENDANTS, MIAMI DADE COUNTY, MIAMI-DADE COUNTY POLICE DEPARTMENT, MIAMI-DADE COUNTY POLICE OFFICER ALEJANDRO GIRALDO, in his individual and official capacity; MIAMI-DADE COUNTY POLICE OFFICER J.F. CALDERON, in his individual and official capacity (Collectively

"DEFENDANTS") for special damages, damages for past, present, and future medical expenses, compensatory damages, exemplary and punitive damages, pain and suffering, and impairment of future earning capacity, together with attorney's fees and court costs and such other relief the as the Court may deem just and proper

Respectfully submitted,


**LAW OFFICE OF JUSTIN A. MOORE**

*Attorney for the Plaintiff*

1801 N. Hampton Rd, #333

De Soto, TX 75115

Phone: (214)794-1069

Email: Justin@MooreJustice.net

*/s/ Justin A. Moore*

Justin A. Moore

TX Bar No.: 24088906


**ACOSTA & LICHTER, P.A.**

*Attorney for the Plaintiff*

2930 NW 7th Ave, 2nd Floor

Miami, FL 33127

Phone: (305) 982-7886

Email: k.herard@acostalichterpa.com

*/s/ Kyara L. Herard*

Kyara L. Herard, Esq.

FL. Bar. No.:124385