UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 19-21351-CIV-MARTINEZ

DYMA LOVING,

    Plaintiff,

v.

MIAMI-DADE COUNTY, ALEJANDRO
GIRALDO, J.F. CALDERON,

    Defendants.

_____/

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO LIFT STAY

Defendants, Alejandro Giraldo, J.F. Calderon, and Miami-Dade County, hereby file their joint response in opposition to Plaintiff's Motion to Lift Stay (D.E. 19).

### INTRODUCTION

This is a § 1983 civil rights action brought by Plaintiff Dyma Loving against Miami-Dade County, former Miami-Dade Police Officer Alejandro Giraldo, and Miami-Dade Police Officer J.F. Calderon. On May 2, 2019, this Court entered an Order staying and administratively closing this case "pending the ***resolution of the related state criminal case*** and administrative investigations." (D.E. 7 ¶ 2) (emphasis added). The Miami-Dade State Attorney's Office ultimately charged Giraldo with official misconduct and battery. In April, 2022, Giraldo went to trial and was convicted of battery and official misconduct; that related criminal case is on appeal and not yet resolved. Despite this, Plaintiff seeks to lift the stay prematurely. Until the criminal case is fully resolved—i.e., until the appeal is concluded—all Defendants are at a significant disadvantage in defending against this civil action. For that reason, this Court's stay must remain in effect.

**ARGUMENT**

This Court correctly decided that this case warrants a stay while the criminal case remains unresolved. As of today, the criminal case is not yet resolved and so there is no reason to lift the stay. Moreover, in the absence of a stay, Defendants will be prejudiced in their ability to defend against Plaintiff's allegations. By contrast, Plaintiff will suffer no prejudice if the Court maintains the status quo until Giraldo's criminal case concludes. Finally, the stay promotes judicial economy and protects against piecemeal litigation.

**A.     Defendants Will Suffer Irreparable Harm in the Absence of a Stay.**

If the stay is lifted before Giraldo's criminal case is fully resolved, Defendants will be hampered in their defense against Plaintiff's claims. Specifically, while the criminal appeal remains open and pending, Giraldo will likely be forced to assert his Fifth Amendment privilege in response to any discovery directed to him in this lawsuit. Under these circumstances, Giraldo is faced with a true dilemma: either surrender his Fifth Amendment rights against self-incrimination or, alternatively, not testify or respond to discovery, and risk the possibility of adverse inferences of civil sanctions. This scenario is as unnecessary as it is avoidable. And it is precisely why this Court previously granted Defendants' motion to stay this case. *See* Defs.' Mot. to Stay at 11-12 (explaining that "where one party would suffer prejudice due to another party's Fifth Amendment assertion, courts have granted a stay of civil proceedings pending the completion of criminal investigations.") (citing *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 816 (E.D. Wis. 1993) (granting stay because "it is not likely that either [co-defendant] could proceed to trial without meaningful discovery" from the defendant who asserted the privilege); *Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (staying discovery of all defendants, including those who had no Fifth Amendment rights to assert, to avoid prejudicing

their defense); *Librado v. M.S. Carriers, Inc.*, Case No. 3:02- CV-2095D, 2002 WL 31495988, at *2-3 (N.D. Tex. Nov. 5, 2002) (granting stay where the testimony of the person invoking the privilege was essential to a fair adjudication of the case and where that person's conduct was the basis for plaintiffs' claims)).

Furthermore, without the benefit of Giraldo's full account of the underlying incident, Officer Calderon is hampered in his ability to defend the legality and propriety of his conduct. In order to explain his own actions, Officer Calderon requires Giraldo's testimony and discovery responses. Finally, Plaintiff asserts several claims against Miami-Dade County, Giraldo's former employer, based on the theory of vicarious liability. For similar reasons, absent Calderon's testimony and sworn discovery responses, the County is also denied a meaningful opportunity to take full and complete discovery which, necessarily, affects its defense. .

Where there are parallel civil and criminal proceedings and participation in civil discovery would implicate the Fifth Amendment privilege against self-incrimination, a court may exercise its discretionary power to stay all proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (finding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket"). Indeed, such an overlap between an impending criminal case and these civil proceedings, both arising out of the same occurrence or allegations, weighs in favor of a stay. And that is why the Court granted the stay here. To prematurely lift the now, with Giraldo's criminal appeal pending, would substantially and irreparably disrupt Defendants' ability to defends themselves .

    **B.**    **Plaintiff Will Not Be Prejudiced by the Continued Stay.**

Plaintiff has preserved her claims by filing this lawsuit less than two months after the incident alleged, which is well within the statute of limitations. Therefore, any relief to which she

3

would be entitled will still be available after the stay expires. Furthermore, it cannot be said that lifting the stay is of any urgency to Plaintiff given that she waited until August 24 to file her motion, which is over four months following Giraldo's criminal conviction. Moreover, any interest Plaintiff may have in proceeding expeditiously with this case does not weigh against maintaining the stay that is currently in effect. On the other hand, if the stay is lifted, and Defendants are forced to engage in futile discovery efforts, the parties will undoubtedly become embroiled in needless discovery disputes premised upon the arguments that necessitated imposing this stay in the first place. Given that the stay has been in place since May 2019, there is no compelling reason to reopen this case before the criminal case concludes, particularly when it is nearing its end. Ultimately, there is no risk of prejudice to Plaintiff that would outweigh the hardship certain to befall Defendants.

      **C.**     **Maintaining the Stay Promotes Judicial Economy.**

Finally, this Court will not suffer any inconvenience or inefficiency by maintaining the stay. However, by lifting the stay before the criminal case is resolved, the Court effectively guarantees piecemeal litigation. Specifically, where Giraldo is likely to assert his Fifth Amendment right against self-incrimination during the pendency of his criminal appeal, the parties' discovery efforts will be severely limited. If the stay is lifted now, depositions will require updating and written discovery requests will have to be reissued *after* the criminal case is fully resolved. Moreover, depending on the information gleaned after a second (and unnecessary) round of discovery, Defendants may have to seek leave to amend their pleadings to conform to any newly discovered evidence that could affect their defenses. Under any of these scenarios, delay is inevitable, and inefficiency is certain for both the parties and the Court. To avoid these issues, the Court should deny Plaintiff's request to lift the stay.

## CONCLUSION

Given that the parallel criminal case remains unresolved, the Court should deny Plaintiff's Motion to Lift Stay (D.E. 19) and maintain the stay that is already in place.

Dated: September 13, 2022

Respectfully submitted,

TERI GUTTMAN VALDES LLC

By:/s/ *Teri Guttman Valdes*
Teri Guttman Valdes (FBN 10741)
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: 305-740-9600
Tgvaldes@aol.com
*Counsel for Alejandro Giraldo*

Rhea P. Grossman, Esquire


By:/s/ Rhea P. Grossman
Rhea P. Grossman (FBN 092640)
2650 West State Road 84, Suite 102
Fort Lauderdale, Florida 33312
Telephone: 954-587-8488
rheagrossman@bellsouth.net
*Counsel for J.F. Calderon*


**GERALDINE BONZON-KEENAN**
MIAMI-DADE COUNTY ATTORNEY

By: */s/ Jennifer L. Hochstadt*
Jennifer L. Hochstadt (FBN 56035)
Assistant County Attorney
Stephen P. Clark Center
111 N.W. 1st St., Suite 2810
Miami, Florida 33128
Telephone: 305-375-5151
Hochsta@miamidade.gov
*Counsel for Miami-Dade County*

No certificate of service . . .