UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No.: 19-cv-21351CIV-MARTINEZ

DYMA LOVING,
        Plaintiff,
v.

MIAMI-DADE COUNTY, *et al.,*
        Defendants.
_____/

## PLAINTIFF'S PARTIALLY UNOPPOSED MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES AND AMEND THE COMPLAINT

Plaintiff Dyma Loving, pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure and this Court's Order Setting Civil Trial Date and Pretrial Scheduling (the "Scheduling Order") [D.E. 31], moves to amend her Complaint in order to join an additional defendant to this action and states:

1.      Ms. Loving filed her Complaint on April 10, 2019. [D.E. 1].

2.      On May 2, 2019, before any Defendant had responded to the Complaint, the Court entered its "Order Staying and Administratively Closing Case." [D.E. 7].

3.      On March 2, 2023, the Court entered an Order granting Plaintiff's Motion to Lift Stay. [D.E. 29].

4.      Defendant Juan Calderon moved to dismiss the Complaint on March 10, 2023. [D.E. 30].

5.      Defendant Alejandro Giraldo moved to dismiss the Complaint on March 13, 2023. [D.E. 33].

6.      Defendant Miami-Dade County moved to dismiss the Complaint on April 17, 2023. [D.E. 45].

7.      The Scheduling Order set July 28, 2023, as the deadline for joining additional parties and amending the complaint. [D.E. 31].

8.      Ms. Loving seeks leave to amend her Complaint to address certain arguments raised by the Defendants in their motions to dismiss and to join an additional Defendant – Sergeant Jorge Ferrer (the "Proposed Defendant") – to this action.

9.      The Proposed Defendant was the Sergeant in charge of reviewing and approving the arrest affidavit and offense incident report that resulted in Ms. Loving's arrest and the initiation of criminal charges against her. The Proposed Defendant also generated a use of force report that adopted misleading and false statements from said arrest affidavit and offense incident report. Defendant Alejandro Giraldo, the officer who drafted the arrest affidavit and offense incident report, was ultimately charged with and found guilty of official misconduct for knowingly falsifying said documents.

10.      Plaintiff seeks to bring claims against the Proposed Defendant for malicious prosecution and false arrest.

11.      The Proposed Defendant played an important role in reviewing and approving the arrest affidavit drafted by Defendant Alejandro Giraldo.

12.      The Proposed Defendant was also tasked with supervising field training officers like Defendant Alejandro Giraldo as they provided field training to recruits like Defendant Juan Calderon.

13.      As a result, Plaintiff now desires to bring the above discussed claims against the Proposed Defendant.

14.      Rule 20 of the Federal Rules of Civil Procedure provides that:

**(2)** *Defendants.* Persons . . . may be joined in one action as defendants if:
**(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
**(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20

15.      As described above, the claims Plaintiff seeks to assert against the Proposed Defendant arise out of the same series of occurrences that form the basis of the original Complaint and "question[s] of law or fact common to all defendants will arise in the action." As such, joinder of the Proposed Defendant as an additional Defendant is proper pursuant to Rule 20.

16.      Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings and allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." It instructs further that "[t]he court should freely give leave when justice so requires." In interpreting Rule 15, the Eleventh Circuit has held:

CASE NO.: 19-cv-21351CIV-MARTINEZ

'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court.'

*Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

17.     A copy of the Proposed Amended Complaint is attached as Exhibit "1."

18.     Plaintiff seeks leave to amend within the time limit set by the Scheduling Order. [D.E. 31]. Plaintiff has never before amended her pleadings and therefore has not abused the privilege to amend. Granting this motion would not delay the proceedings as no Defendant has answered the Complaint thus far and this matter is not set for trial until March 25, 2024.

WHEREFORE, Plaintiff Dyma Loving respectfully requests that this Court grant her leave to amend her Complaint and to join Jorge Ferrer as a Defendant to this action.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for Plaintiff has conferred with counsel for Defendants in a good faith effort to resolve the issues raised in this Motion. Counsel for Defendants Alejandro Giraldo and Juan Calderon do not oppose the relief Plaintiff seeks herein. Counsel for Defendant Miami-Dade County stated that they require additional time to review the proposed amendment before Defendant Miami-Dade County can determine whether or not it opposes the relief Plaintiff seeks herein.

Dated: May 31, 2023

Respectfully submitted,
RODRIGUEZ TRAMONT & NUÑEZ, P.A.
*Counsel for Plaintiff, Dyma Loving*

*s/ Andrew V. Tramont*
Andrew V. Tramont
Florida Bar No. 322830
Stephanie T. Núñez
Florida Bar No. 99588
Paul M. Núñez
Florida Bar No. 124205

3