UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 19-21351-CIV-MARTINEZ

DYMA LOVING,

    Plaintiff,

vs.

MIAMI-DADE COUNTY, FLORIDA,
MIAMI-DADE POLICE DEPARTMENT,
JORGE FERRER, ALEJANDRO GIRALDO,
and J.F. CALDERON,

    Defendants.
_____/

## DEFENDANT ALEJANDRO GIRALDO'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

DEFENDANT, ALEJANDRO GIRALDO, by and through his undersigned counsel and in accordance with the Fed. R. Civ. P., Rule 12(b), files this Motion to Dismiss Plaintiff's Amended Complaint [DE 51] and in support thereof states as follows:

1.    Plaintiff has filed an nine (9) count Amended Complaint against Miami-Dade County, sergeant Jorge Ferrer, and officers Alejandro Giraldo and J. F. Calderon as follows: Count 1 - False Arrest and False Imprisonment under Fla. Stat. §787.02, Count II - Malicious Prosecution under 42 U.S.C. Section 1983, Count III - Negligent Hiring or Retention Under 42 U.S.C. Section 1983, Count IV - Negligent

Failure to Train and Supervise Under 42 U.S.C. Section 1983, Count V - False Arrest/False Imprisonment Claim Deprivation of Civil Rights under 42 U.S.C. Sections 1983 and 1988, Count VI - Deprivation of Civil Rights by Excessive Use of Force in Violation of 42 U.S.C. Section 1983, Count VII - Excessive Force Claim Cognizable under 42 U.S.C. Section 1983, Count VIII - Battery, and Count XI - Gross Negligence. Only Counts I, II, V, and VII have been pled against GIRALDO.

2.  For the reasons set forth below in the incorporated Memorandum of Law, the Counts against GIRALDO should be dismissed in their entirety. Moreover, due to the fact there is an additional officer who is a defendant and is represented by separate counsel, Defendant GIRALDO would rely on and adopt the additional arguments made as it relates to the insufficiency of Plaintiff's Amended Complaint.

WHEREFORE, it is respectfully requested this Honorable Court enter an order dismissing Counts I, II, V, and VII of Plaintiff's AmendedComplaint.

Memorandum of Law

**I.  Standard of Review**

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to set forth in a complaint "A short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. As explained by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), *citing* Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555-556 (2007)), Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and further, a "pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'" Moreover, the well plead allegations must plausibly suggest a viable claim and a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. *See also* Tie Qian v. Secretary, Department of Veterans Affairs, 432 Fed. Appx. 808 (11th Cir. 2011).

> Moreover, Rule 10(b) of the Federal Rules of Civil Procedure provides:
>
> A party must state its claims and defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence–and each defense other that a denial–must be stated in a separate count or defense."

As explained by the Eleventh Circuit in Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015), complaints that are not pled as required by Rule 10(b) are commonly referred to as "shotgun pleadings" in that it is difficult to determine the claims being pled. "The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court

3

can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." Id. (quoting *T.D.S. Inc. V. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). In this case, the manner in which the claims are pled do not comport with the pleading requirements of the rules as set forth above and the complaint should be dismissed.

## II. Plaintiff has not properly pled his claims and the Complaint should be dismissed.

The types of "shotgun pleadings" have been explained:

> "[W]e have identified four rough types or categories of shorgun pleadings." *Weiland,* 792 F.3d at 1321. The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert(s) multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Barmapov v. Amuial, 986 F.3d 1321, 1324-1325 (11th Cir. 2021). A review of the complaint in this case indicates that it falls into the fourth category as the plaintiff has pled four (4) claims against the three (3) individual police officers and we are not able

to discern which acts or omissions are alleged to have been committed by which officer. A review of paragraphs within the four (4) counts of the officers demonstrates that Plaintiff has failed to identify the specific acts committed by each officer. For these reasons, Defendant, GIRALDO, respectfully asserts that the claim as presented in Plaintiff's complaint are "shotgun pleadings" and should be dismissed.

### III. Plaintiff's state law false arrest and false imprisonment claims must be dismissed as Plaintiff has alleged Defendant GIRALDO was acting within the course and scope of his employment.

To the extent Plaintiff's allegations in Count I are based on state law tort claims and solely allege Defendant GIRALDO was acting within the course and scope of his employment, Defendant Miami-Dade County is liable for these actions and GIRALDO cannot be sued. Section 768.28, Fl.St., provides in pertinent part:

> (9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

In this case, a review of Count I indicates Plaintiff has pled that Defendant GIRALDO was acting within the course and scope of his employment. Plaintiff has

not pled in this count that GIRALDO acted in "bad faith" or with "malicious purpose" nor that his acts were "willful or wanton." In order to maintain a state law tort claim against an officer in their individual capacity, it must be alleged that they acted "in bad faith, or with malicious purpose or in a manner exhibiting a wanton and willful disregard of human rights, safety or property." Hall v. Knipp, 982 So. 2d 1196, 1198 (1st DCA, 2008). Given that Plaintiff has solely pled that GIRALDO was acting within the court and scope of his employment, he cannot be held liable for any state law torts and the state law false arrest and false imprisonment claim must be dismissed.

### IV. Plaintiff's claims against GIRALDO under 42 U.S.C. §1983 alleging Malicious Prosecution, False Arrest/False Imprisonment and Excessive Force must be dismissed.

Next, Defendant will address Plaintiffs claims pursuant to 42 U.S.C. §1983 alleging Malicious Prosecution, False Arrest/False Imprisonment and Excessive Force. 42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Defendant respectfully asserts Plaintiff has not and can not properly plead a claim

against GIRALDO for any of her claims under 42 U.S.C. §1983 as he is entitled to qualified immunity based the face of the complaint. Qualified immunity completely "protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violations 'clearly established statutory or constitutional rights of which a reasonable person would have known." Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003). A motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., is a proper vehicle to raise the defense of qualified immunity. Williams v. Ala. State Univ., 102 F.3d 1179 (11th Cir. 1997) Furthermore, the standard of review in a qualified immunity case is a heightened pleading standard. Staco v. Miami-Dade County, 536 F.Supp.2d 1301 (S.D. Fla. 2008) This is due to the fact that the court has to determine whether the defendant's actions violated a right that was clearly established. Id.

The elements to state a Section 1983 claim for malicious prosecution are "(1) the elements of the common law tort of malicious prosecution and (2) a violation of his Fourth amendment right to be free from unreasonable seizures." Wynn v City of Griffin, 2021 WL 4848075 *5 (11th Cir. 2021). The elements of the common law tort of malicious prosecution include malice and a lack of probable cause. Id. In this case, Plaintiff has pled conclusory and contradictory allegations in an effort to state this claim. While using the term "malice", Plaintiff alleges it is established based on

a failure to investigate whilst at the same time alleging that defendant officers were conducting an investigation and questioning Plaintiff and her friend, Ms. Green. Moreover, as discussed below, probable cause is gleaned from the factual allegations based on Plaintiff's failure to cooperate with the investigation and refusal to answer questions or calm down. Thus, Plaintiff cannot maintain the malicious prosecution claim.

As to Plaintiff's claim of false arrest/false imprisonment, Plaintiff has to establish the absence of probable cause for the arrest. Rankin v. Evans, 133 F.3d 1425 (11th Cir. 1998). The standard when examing a false arrest claim is whether arguable probable cause existed, not necessarily actual probable cause. Thus, if the officer reasonably believed he had probable cause, the claim is barred. Gold v. City of Miami, 121 F.3d 1442 (11th Cir. 1997). A review of the factual allegations in this case support a determination of arguable probable cause as to the false arrest claim and, therefore, qualified immunity applies.

In Long v. Slaton, 508 F.3d 576, (11th Ct. 2007), the Eleventh Circuit reviewed the denial of a motion to dismiss a Section 1983 claim against a police officer alleging excessive force. The Court in that case first explained the "reasonableness" standard:

8

> The standard for whether the use of force was excessive under the Fourth Amendment is one of "objective reasonableness." *See Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 1867-68, 104 L.Ed.2d 443 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 1872.

Id. 579-580. In this case, Plaintiff cannot point to any clearly established right which Defendants GIRALDO violated.

In this case, Plaintiff has plead and admitted that she was failing to cooperate with Defendant GIRALDO's attempts to conduct his investigation. Specifically, she failed to cooperate by continually requesting to call her child, failed to answer his questions relevant to the investigation and otherwise refusing to calm down. Given the facts as pled by Plaintiff, GIRALDO'S actions were reasonable and he is entitled to qualified immunity. Plaintiff's claims against GIRALDO under Section 1983 should be dismissed.

## **Conclusion**

For all the foregoing reasons, Plaintiff's claims against GIRALDO should be dismissed.

Respectfully submitted,

TERI GUTTMAN VALDES LLC
Counsel for Defendant Giraldo
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600
E-mail: tgvaldes@aol.com


s/Teri Guttman Valdes
Teri Guttman Valdes
Fla. Bar No. 010741