UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-21351-CIV-MARTINEZ-OTAZO-REYES

DYMA LOVING,

      Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

      Defendants.                /

## MIAMI-DADE COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Having failed to comply with the mandatory pre-suit notice requirement set forth in Fla. Stat. § 768.28(6)(a), Plaintiff seeks to salvage her state law claims by blaming Miami-Dade County for her incurable error. But Plaintiff's argument is unavailing. Not only does she misconstrue the law, but she also blurs the facts, hoping this Court will overlook the simple fact that she missed a mandatory step before rushing to file this lawsuit. And her federal claims fare no better. Try as she might, Plaintiff fails to allege any facts that support a finding of municipal liability against the County under *Monell*. Therefore, the claims against the County should all be dismissed.

### I.    COUNTS 1, 8, & 9 ARE STATUTORILY BARRED

Plaintiff does not dispute that she failed to send the County notice of her state law claims before she filed her lawsuit, as required by Florida law. Yet, she argues that the County either had actual notice of her claim or waived the notice requirement when former Miami-Dade Police ("MDPD") Director Juan J. Perez issued a tweet about the incident. Plaintiff conflates acknowledgment of an *incident*, however, with notice of a *claim*, which is what the statute requires. More importantly, there isn't a single case in the Eleventh Circuit holding that a police department's acknowledgment of an incident waives the pre-suit notice requirement.

Plaintiff claims that because the County "had actual notice ***of the incident***" (emphasis added) (as purportedly shown by the tweet), then she was not required to provide notice of ***the claim***. Plaintiff's Response in Opposition ("Response") [ECF No. 65] at 5. Not so. A plaintiff who intends to sue the County under state law is required to give the County ***written*** notice of the

*claim* within three years of the claim accruing. Fla. Stat. § 768.28(6)(a). Contrary to Plaintiff's argument, the statute does not require notice of the incident at issue; it requires written notice of the claims a plaintiff intends to pursue. Here, Plaintiff does not dispute that she did not give the County written notice *of the claim*. Instead, Plaintiff argues that because former Director Perez acknowledged the arrest and investigation in a tweet, then the County must have known it would later be sued for false arrest, battery, and gross negligence.

But the Court cannot overlook Plaintiff's error in equating knowledge of an incident (by former Director Perez) with notice of the claims (by the County's risk adjusters). In fact, courts that have considered this very issue have rejected Plaintiff's position. In *Smart v. Monge*, a lawyer sent a letter to the sheriff's lawyer identifying the *incident* at issue (a death at a prison), noting that he had been retained as counsel, and asking for all available documents. 667 So. 2d 957, 959 (Fla. 2d DCA 1996). In deciding whether this satisfied the pre-suit notice requirement, the court held that although the letter identified the incident, "it does not in any way state a claim or demand against the Sheriff" and therefore failed to comply with Fla. Stat. § 768.28(6)(a). *Id.* The court further recognized that "section 768.28 is a statutory waiver of sovereign immunity [which] must be strictly construed." *Id.* Therefore, "at a minimum, the written notification must contain language notifying the agency of a claim; that is, a demand for compensation for an injury." *Id.* In considering this same issue in the Southern District of Florida, Judge Cohn ruled that a letter sent to a city did not provide notice where the letter "ma[de] no mention of anticipated suit against the City; contain[ed] no language notifying the City of a claim; and demand[ed] no compensation." *Catogas v. Vetter*, No. 12-62025-CIV, 2013 WL 1334569, at *2 (S.D. Fla. Mar. 29, 2013).

Here, Plaintiff has done much less than the plaintiffs in *Smart* and *Catogas*. She never sent *any* written notice to the County, much less notice identifying her claims, injury, and demand for compensation. In fact, Plaintiff does not dispute that she did nothing to provide the County with the requisite notice of her claims. But given what that implicates for her state law claims, Plaintiff now grasps at a tweet to suggest the County had notice of her claim. It did not. The County never received notice of Plaintiff's claim because Plaintiff failed to comply with the statute.

Next Plaintiff argues that by issuing the tweet former Director Perez waived the statutory pre-suit notice requirement. Response at 6. Under Plaintiff's misguided reasoning, any would-be claimant involved in an incident that is acknowledged by the police department on social media would be relieved from the pre-suit notice requirement. That's not the state of the law. And while

it is true that a municipality can waive the notice of claim requirement, it is only under limited circumstances, in cases where:

> Responsible agents or officials of a city have actual knowledge of the occurrence which causes injury and they pursue an investigation which reveals substantially the same information that the required notice would provide, **and they thereafter follow a course of action which would reasonably lead a claimant to conclude that formal notice would be unnecessary**.

*Rabinowitz v. Town of Bay Harbor Islands*, 178 So. 2d 9, 12 (Fla. 1965) (emphasis added).

While Plaintiff cites the correct legal standard in her Response, she omits the most relevant half of the analysis, which requires that a municipality lull or mislead a claimant into believing that notice is not required. In *Rabinowitz*, the Florida Supreme Court found a municipality waived the notice requirement when the town's insurance adjuster lied to the plaintiff and told him the town did not own the bridge where the accident occurred. *Id*. Because the town's adjuster misled the plaintiff into believing notice would not be required, the Court held that the town waived the notice requirement. *Id.* In a subsequent decision explaining *Rabinowitz*, the Court explained that "agents of the municipality, by their own representations, lulled claimants into believing compliance with the city charter's notice requirement was unnecessary." *Ferry-Morse Seed Co. v. Hitchcock*, 426 So. 2d 958, 962 (Fla. 1983).

In this case, the Amended Complaint is devoid of a single allegation which can be construed as actions taken by Miami-Dade County to "lull" or mislead Plaintiff into believing that she was somehow exempt from complying with the statutory notice of claim requirement. In fact, there are no allegations that the County took *any* action at all with respect to Plaintiff's obligation to provide written notice of her claims. At most, Plaintiff has pleaded that the County's former police director tweeted that the Department was aware of the arrest and was investigating it. Am. Compl. ¶ 41. But "[a] mere investigation by agents of a city standing alone will not necessarily have the indicated [waiver] effect . . . [t]he waiver or estoppel occurs when there is an investigation ***followed by action in relation to the claimant that would lead a reasonable person to conclude that further notice is unnecessary or causes such person to act or fail to act to his injury.***" *Rabinowitz*, 178 So. 2d at *13 (emphasis added). Notably, the Amended Complaint does not allege that, following MDPD's investigation, the County took any action in relation to Plaintiff that would have led a reasonable person to conclude that notice was unnecessary. The tweet says nothing about any forthcoming claim against the County, nothing about the County or the County

adjuster's role in investigating the claim, and more importantly, nothing about Plaintiff's obligation to comply with Fla. Stat. § 768.28(6)(a). In other words, a reasonable person reading the tweet would not conclude that notice to the County was not necessary.

Plaintiff analogizes this case to *VonDrasek v. City St. Petersburg*, suggesting she is being "sandbag[ged]" with a "gotcha" moment by the County. Response at 5-6; 777 So. 2d 989, 990 (Fla. 2d DCA 2000). But *VonDrasek* is distinguishable. There, the Court found a municipality waived the notice of claim requirement when ***the municipality***: (1) accepted the plaintiff's detailed written explanation of the claim during the claim period; (2) filed an evasive answer to the complaint without denying the allegation that plaintiff complied with all conditions precedent to filing; and (3) then waited until the claim period expired to challenge the adequacy of the notice. *VonDrasek*, So. 2d at 990. None of these facts are present here. Plaintiff never sent ***any*** notice of her claims to the County, much less a detailed, written explanation.[1] Put simply, Plaintiff does not cite a single case where a municipality has been found to waive the notice of claim requirement under Section 768.28(6)(a) by solely acknowledging an arrest and an ongoing investigation.[2]

Ultimately, a tweet from the former police director about this arrest did not relieve Plaintiff of her pre-suit obligation to present her claim in writing to the County. Because Plaintiff did not comply with Fla. Stat. § 768.28(6)(a), and she is now out of time to do so, her state law claims are barred. As such, the Court must dismiss the state law claims against the County with prejudice.

## II. THE COUNTY HAS SOVEREIGN IMMUNITY FOR COUNTS 1, 8, & 9

Plaintiff argues the County is not entitled to sovereign immunity because the Officers were acting within the scope of their employment. Nobody has said otherwise. Yet Plaintiff expends

---

[1] In a feeble attempt to survive the County's Motion, Plaintiff argues that "compliance with conditions precedent may be pleaded in general terms." Response at 6. But as Plaintiff well knows, "to assert a municipality's waiver of the notice requirement, a plaintiff's complaint must contain ***specific allegations that the acts of the municipality*** would have led a reasonable person to conclude that further notice was unnecessary or that the acts of the municipality caused plaintiff to fail to act to her injury." *Ratunuman v. Sanchez*, No. 09-22937-CIV, 2010 WL 11602269, at *6 (S.D. Fla. Feb. 9, 2010) (cleaned up) (emphasis added). The Amended Complaint does not contain any specific allegation of acts by the County that would have led a reasonable person to conclude Plaintiff was exempt from complying with the statutory notice requirement.

[2] The other cases cited by Plaintiff are even less persuasive. *Williams v. Henderson*, dealt with whether a notice of claim was sufficient when it omitted a plaintiff's date, place of birth, and social security number, which is not the issue here given that Plaintiff never sent any notice to the County. 687 So. 2d 838, 838 (Fla. 2d DCA 1996). *Fitzgerald v. McDaniel*, 833 F.2d 1516, 1519 (11th Cir. 1987), concerned whether a plaintiff failed to comply with Fla. Stat. § 768.28 when the plaintiff filed the action before the six-month abeyance period provided by the statute. And *Ratunuman v. Sanchez*, rejected a plaintiff's argument that a municipality waived the statutory notice requirement of § 768.28 by participating in litigation. 2010 WL 11602269, at *6.

two full pages of briefing on an issue the County does not argue—i.e., whether the Officers were acting outside the scope of their employment when Plaintiff was arrested. *See* Response at 6-8. The County is not seeking sovereign immunity based on whether the Officers' conduct fell "outside the course and scope of their employment," as Plaintiff implies. The County maintains that sovereign immunity applies because the Amended Complaint alleges that the Officers acted in bad faith or with malicious purpose. *See* Motion to Dismiss [ECF No. 59] at 4-7.

In defending against an argument the County has not asserted, Plaintiff claims that sovereign immunity "only shields an employing agency from liability where the employee's act fell outside the scope of employment." Response at 6. That is a misstatement of the law. Under Florida Statute § 768.28(9)(a), the County is not liable for the acts or omissions of an employee under ***two separate circumstances***: (1) where the acts are committed "while acting outside the course and scope of her or his employment"; ***or*** (2) where the acts are committed "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a) (emphasis added). Under either of these exceptions, the County has sovereign immunity and is not liable.[3] In other words, even if the Officers were acting within the scope of their employment (as Plaintiff argues and pleads), the County is entitled to sovereign immunity if the Amended Complaint alleges the Officers were acting in bad faith. Thus, Plaintiff's arguments regarding the scope of employment have no bearing on whether the claims in the Amended Complaint amount to allegations of bad faith.

With respect to the argument the County *did* make—that Amended Complaint alleges the Officers acted in bad faith—Plaintiff concedes the allegations "could potentially lead to an inference of bad faith." Response at 8-9. But, says Plaintiff, this is an issue for the factfinder. *Id.* at 9. Once again, that is simply not so. Courts in this District have repeatedly granted ***motions to dismiss*** based on sovereign immunity because the allegations in the complaint characterize the officers conduct as committing acts in bad faith or with malicious purpose.[4] Perhaps in recognition

---

[3] *See McGhee v. Volusia Cnty.,* 679 So. 2d 729, 734 (Fla. 1996) (emphasis in original). ("A governmental entity is liable for the actions of its employee unless the employee is *either* not acting within the scope of employment *or* is acting in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . [A] finding of either one will revoke the waiver of sovereign immunity.").

[4] *See, e.g.*, *Montefu Acosta v. Miami-Dade County*, No. 16-23241, ECF No. 37 at 10-11 (S.D. Fla. Sept. 8, 2020) (Ungaro, J.); *Casado v. Miami-Dade County*, No. 18-22491, 2018 WL 5263935, at *6 (S.D. Fla. Oct. 23, 2018) (O'Sullivan, M.J.) (consent case); *Gaviria v. Guerra*, No. 17-23490, 2018 WL 1876124, at *11 (S.D. Fla. Apr. 19, 2018) (Altonaga, J.); *Alicea v. Miami-Dade County*, No. 13-21549, ECF No. 95 at 4-6 (S.D. Fla. Oct. 27, 2014) (Bloom, J.); *Alvarez-Mena v. Miami-Dade County*, No. 14-20030, 2014 WL 3667806, at *2 (S.D. Fla. July 22, 2014)

of the dozens of cases that have decided this issue at the motion to dismiss stage, Plaintiff also argues that "even though the officers' actions could potentially lead to an inference of bad faith, that inference is not warranted." Response at 8-9. But Plaintiff can't have it both ways. She cannot, on the one hand, allege that the Officers subjected her to a "violent attack" by "slamming" her to the ground and "forcibly confin[ing]" her without authority, all while being "aggressive," "unbalanced," and "unfit" for duty, Am. Compl. ¶¶ 18, 28, 50, 67, 114, and on the other hand argue the Officers "were acting appropriately and following their training." Response at 10. It's one or the other. In other words, Plaintiff cannot tone down the allegations forming the basis of her claims against the Officer just to avoid dismissal of the claims against the County. Nor can she amend her pleading through a response by trying to dilute the language in her Amended Complaint. *See Burgess v. Religious Tech. Ctr., Inc.,* 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss."). The allegations in Amended Complaint unquestionably allege bad faith conduct on behalf of the Officers, entitling the County to sovereign immunity.

Plaintiff analogizes this case to *Butler v. Gualtieri*, 41 F.4th 1329, 1332 (11th Cir. 2022), where the Eleventh Circuit affirmed the denial of a motion for summary judgment because an issue of fact existed as to whether the officer's conduct exhibited bad faith. The court noted there were varying accounts as to whether the plaintiff resisted arrest—an issue that would unquestionably preclude summary judgment. *Id.* Importantly, the Eleventh Circuit stated: "if a jury were to find that [the officer] ***violently pushed down an arrestee who was not physically resisting her***, ***with little prior warning, this might support a conclusion that [the sheriff] is shielded from liability***." *Id.* at 1339 (emphasis added). That is this case. Plaintiff alleges that she did not resist the arrest and that she was "physically attacked and violently manhandled by the officers" when they slammed her to the grand and forcibly confined her. Am. Compl. ¶¶ 18, 28, 50, 67, 114. Plaintiff's

---

(Moreno, J.); *Blue v. Miami-Dade County*, No. 10-23599, 2011 WL 2447699, at *3 (S.D. Fla. June 15, 2011) (Huck, J.); *Thomson v. Davenport*, No. 09-21708, ECF No. 59 at 9-10 (S.D. Fla. June 16, 2010) (Gold, J.); *Knight v. Miami-Dade County*, No. 09-23462, ECF No. 34 at 10-11 (S.D. Fla. June 23, 2010) (Graham, J.); *Terry v. Rodriguez*, No. 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 7, 2010) (Hoeveler, J.); *Sanchez v. Miami-Dade County*, No. 06-21717, 2007 WL 1746190, at *1 (S.D. Fla. March 28, 2007) (King, J.); *Moore v. Miami-Dade County*, No. 06-22705, ECF No. 37, 502 F. Supp. 2d 1224, 1234 (S.D. Fla. 2007) (Gold, J.); *Dukes v. Miami-Dade County*, No. 05-22665, ECF No. 103, 2006 WL 8433284, at *2 (S.D. Fla. July 5, 2006) (Huck, J.).

lack of resistance coupled with the alleged violent nature of the arrest distinguishes this case from *Butler* and shields the County from liability.[5]

Plaintiff also argues that this case is analogous to *Khoury v. Miami-Dade Cnty.*, No. 20-21841-CIV-JEM, 2020 WL 6290154, at *4 (S.D. Fla. Oct. 27, 2020), a case in which this Court determined the allegations in the complaint permitted two possible inferences regarding the officers' alleged bad faith. In particular, the Court noted that the *Khoury* complaint painted "a plausible picture of police officers as neighborhood peacekeepers attempting to contain a well-known belligerent and serial exaggerator." *Id.* But here the Amended Complaint paints a very different picture. Plaintiff alleges she was violently attacked by the Officers while she was not resisting. Thus, there is only one possible inference available based on the nature of Plaintiff's allegations: that the Officers acted in bad faith when they violently slammed her to the ground and forcibly confined her.[6] For this reason the County is entitled to sovereign immunity.

### III. COUNT 3 FAILS TO STATE A CLAIM FOR NEGLIGENT HIRING/RETENTION

Having realized she failed to plead a *Monell* claim in Count 3 by limiting her claim to this incident, Plaintiff now alleges she pleaded "an unofficial custom or policy that led to the violation of Ms. Loving's constitutional rights through her unlawful arrest." Response at 13. However, Count 3 focuses exclusively on Plaintiff's allegations regarding this incident. Count 3 does not identify any unofficial County custom or policy of constitutional deprivation. In fact, Count 3 does not even contain the words "custom or policy." *See* Am. Compl. 15-16. Because the Eleventh Circuit has made absolutely clear that a "single incident of unconstitutional activity" is not enough to prove a policy or custom on a *Monell* claim, this alone suffices to dismiss Count 3. *Craig v. Floyd County*, 643 F.3d 1306, 1311 (11th Cir. 2011); *see also, e.g., Diaz v. Miami-Dade County*, 424 F. Supp. 3d 1345, 1362063 (S.D. Fla. 2019).

---

[5] Plaintiff also suggests this Court should infer the absence of bad faith because the Officers did not turn off their body camera footage. *See* Response at 9-10. But Plaintiff cannot cherry-pick the facts that suit her argument. Plaintiff has alleged that she was not resisting the arrest when she was violently attacked and forcibly slammed and held on the ground by the Officers. These actions evince bad faith regardless of whether the Officers had their cameras on or off.

[6] In *Khoury*, this Court recognized that "bad faith was conclusively established" in *Alicea v. Miami-Dade County*, No. 13-21549, ECF No. 95 (S.D. Fla. Oct. 25, 2014) (Bloom, J.), a case in which the complaint alleged the officers had "violently pummeled the plaintiff" without probable cause, much like the allegations in this case that Plaintiff "violently attacked" her without probable cause. *Khoury*, 2020 WL 6290154, at *4.

But even if Plaintiff had identified an unofficial custom or policy in Count 3, her claim would still fail. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. [She] must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). That is, she "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*

Plaintiff does not mount the causation hurdle either. Plaintiff claims that because the County hired and retained the Officers, "that led to the violation of [her] constitutional rights through her unlawful arrest." Response at 13. This falls short of meeting the deliberate conduct requirement. *See Brown*, 520 U.S. at 404 ("Only where adequate scrutiny of the applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute deliberate indifference.") (internal quotations omitted). The Amended Complaint does not contain **any** factual allegations to so much as suggest that the County had an unofficial policy of **deliberately** hiring employees, **knowing** its decision to hire them would lead to the deprivation of a third party's constitutional rights. At best, Plaintiff has alleged that the County failed to conduct a reasonable investigation into the Officers in this case, which is insufficient to state a claim under *Monell*.[7] *See Bd. of Cty. Comm'rs*, 520 U.S. at 397 ("The county is not liable for Sheriff Moore's isolated decision to hire Burns without adequate screening, because respondent has not demonstrated that the decision reflected a conscious disregard for a high risk that Burns would use excessive force in violation of respondent's federally protected right.").[8]

---

[7] To the extent Plaintiff is seeking discovery to properly allege a *Monell* claim, Response at 13, Plaintiff is putting the cart before the horse—a well-pleaded complaint must come before discovery, not the other way around. *See Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 729 (11th Cir. 2013) ("[D]iscovery follows a well-pleaded complaint; not the other way around."). As stated by the Supreme Court, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (emphasis added).

[8] Plaintiff's reliance on *Ashley v. City of Hialeah*, No. 11-20490-CIV, 2011 WL 3236051, at *4 (S.D. Fla. July 28, 2011), does not help her either. In that case, the Court ***dismissed*** the plaintiff's claim for negligent hiring, noting that it was not enough for the plaintiff to allege that the city had failed to adequately scrutinize the officer's background. *Id.* The exact same result is compelled here. It is not enough for Plaintiff to allege the County "failed to conduct a

### IV. COUNTS 4 AND 6 FAIL TO STATE A CLAIM UNDER *MONELL*

No matter how many times Plaintiff insists that she complied with *Monell* in Counts 4 and 6, she cannot overcome two determinative facts: (1) the "policies" Plaintiff identifies are exactly the kind of conclusory allegations that the Eleventh Circuit has repeatedly rejected; and (2) the Amended Complaint does not contain **one single** other incident of negligent training or excessive force to plead a widespread County policy or custom. Either one of these reasons on its own would be sufficient to dismiss Plaintiff's federal claims against the County; together, they are fatal.

Plaintiff alleges that Miami-Dade County has a policy of failing to discipline known incidents of officers arresting individuals without probable cause and failing to discipline officers who falsify information on arrest affidavits. *See* Response at 15. But these are exactly the kind of boilerplate conclusory allegations that the Eleventh Circuit has held do not suffice to make a claim under *Monell*. In *Cluff v. Miami-Dade County*, the district court dismissed the municipal liability claim, finding that the plaintiff could not "manufacture" a custom "based on broad-sweeping conclusory statements without citation to any supporting documents or other specific examples indicative of such a custom." *Cluff v. Miami-Dade County*, No. 21-23342, 2022 WL 700971, at *4 (S.D. Fla. Feb. 1, 2022). The Eleventh Circuit affirmed the dismissal because, "[i]n short," the plaintiff "pled no facts to show a custom." *See Cluff v. Miami-Dade County*, No. 22-10704, 2022 WL 16757095, at *3 (11th Cir. Nov. 8, 2022).

*Cluff* dictates the proper result here. Plaintiff's broad-sweeping conclusory statements fail to "nudge[]" any municipal liability claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to have "facial plausibility," it must plead "factual content that allows the court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). As in *Cluff*, Plaintiff cannot manufacture a custom "without citation to any supporting documents or other specific

---

reasonable investigation" regarding the Officers in this case. Am. Compl. ¶¶ 83-85. She was required to allege a widespread County custom or policy of constitutional violation, which she has not done. With respect to the plaintiff's negligent retention claim, the Court in *Ashley* allowed that claim to proceed only because the plaintiff had specifically pleaded six other acts of professional misconduct. *Id.* But here Plaintiff has not alleged a single fact outside of her own experience to support a municipal policy or custom. Both the Supreme Court and the Eleventh Circuit have held boilerplate allegations, like Plaintiff's, do not suffice to make a *Monell* claim. *See e.g., Board of Cty. Com'rs of Bryan Cty., Okl.*, 520 U.S. at 397; *Hall v. Smith,* 170 F. App'x 105, 108 (11th Cir.2006); *Cannon v. Macon County,* 1 F.3d 1558, 1565 (11th Cir. 1993).

examples indicative of such a custom." 2022 WL 700971, at *4.[9] Here, Plaintiff does nothing more than repeat the word "policy" and provides no factual support beyond her own incident.

Not a single fact in the Amended Complaint pertains to any incident outside of this case. The Eleventh Circuit has held time and again that a plaintiff cannot construct a custom out of facts about her own interactions with a municipality or its employees.[10] Plaintiff attempts to overcome this deficiency by alleging that other officers were on the scene and that Sgt. Ferrer was responsible for supervising other officers, but all of this is irrelevant to the *Monell* analysis because she is still only discussing her own arrest. Without more, the Amended Complaint seeks to hold the County vicariously liable for the actions of the employees involved in this case, which *Monell* forbids.

## CONCLUSION

Plaintiff's state law claims must be dismissed for two reasons: (1) failure to comply with the notice of claim requirement under Fla. Stat. § 768.28(6)(a), and (2) and because the County is entitled to sovereign immunity. Furthermore, Plaintiff does not state a claim for municipal liability under *Monell*, thus precluding any federal claims against the County. As a result, all claims against Miami-Dade County should be dismissed. And because Plaintiff has already amended her complaint once, dismissal should be with prejudice.

Dated: September 28, 2023

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
MIAMI-DADE COUNTY ATTORNEY

By: */s/ Fabiana Cohen*
Fabiana Cohen (FBN 119732)

---

[9] Plaintiff cites to *Sosa v. Martin County*, 13 F.4th 1254, 1278–79 (11th Cir. 2021), *vacated on grant of reh'g en banc*, 21 F.4th 1362 (11th Cir. 2022), *judgment reinstated*, 2023 WL 1776253 (11th Cir. Feb. 6, 2023) to suggest that a party may survive a motion to dismiss a *Monell* claim by alleging facts "upon information and belief." Response at 15. But the Court in *Sosa* specifically noted that such language "may support a claim when facts are not within the knowledge of the plaintiff **but he has sufficient data to justify an allegation on the matter.**" *Id.* at 1279 (internal citations and quotations omitted) (emphasis added). More importantly, in *Sosa,* the Eleventh Circuit **dismissed the Monell claim**, noting that the plaintiff "points to no data other than his own rearrest . . . to support his information and belief allegation." *Id.* The exact same is true here. Plaintiff points to no other "data" besides her own experience with the police to support her claim of municipal liability.

[10] *See, e.g., Chabad Chayil*, 48 F.4th at 1233 (alleged conduct by investigators "in this single case" would not plausibly state "a custom that rises to the force of law"); *Sosa v. Martin County*, 13 F.4th 1254, 1278–79 (11th Cir. 2021) (affirming dismissal because allegations concerned only plaintiff's own arrest and subsequent detention), *vacated on grant of reh'g en banc*, 21 F.4th 1362 (11th Cir. 2022), *judgment reinstated*, 2023 WL 1776253 (11th Cir. Feb. 6, 2023); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1329–30 (11th Cir. 2015) (affirming dismissal because sole facts alleged to support municipal claim were facts recounting investigation into plaintiff's own excessive force complaint).

>Assistant County Attorney
>Stephen P. Clark Center
>111 N.W. 1st St., Suite 2810
>Miami, Florida 33128
>Telephone: 305-375-5151
>cohenf@miamidade.gov
>*Counsel for Miami-Dade County*