UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-21351-MARTINEZ

DYMA LOVING,

    Plaintiff,

v.

MIAMI-DADE COUNTY, *et al.*,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT MIAMI-DADE COUNTY'S MOTION TO DISMISS**

**THIS CAUSE** came before the Court upon Defendant Miami Dade County's Motion to Dismiss Plaintiff's Amended Complaint ("Motion"). (ECF No. 59). Upon careful consideration of the Motion, Plaintiff's Response in Opposition to the Motion, (ECF No. 65), Defendant's Reply, (ECF No. 68), and being otherwise fully advised in the premises, the Motion is **GRANTED**.

**I.    BACKGROUND**

This case arises from Plaintiff's alleged wrongful arrest by Miami-Dade Police Officers Alejandro Giraldo and Juan Calderon (the "Officers") (ECF No. 51 at ¶¶ 23, 32). Plaintiff's friend called the police after a neighbor threatened them with a shotgun. (*Id.* at ¶ 14). The Officers arrived and began "aggressively" and "flippantly" questioning Plaintiff. (*Id.* at ¶¶ 18, 20). Within minutes, the Officers arrested Plaintiff for disorderly conduct and resisting an officer without violence ("ROWV"). (*Id.* at ¶¶ 23, 32). Plaintiff alleges that during her encounter with the Officers, she was "physically attacked and violently manhandled", (*Id.* at ¶¶ 34, 50), even though she "did not threaten the officers present…in any way" and "did not take any action that could be perceived as threatening." (*Id.* at ¶¶ 29-30). Despite this, Plaintiff alleges that the Officers "intentionally caused

bodily harm to [Plaintiff] by using excessive force upon her person, grabbing her against her will without lawful cause, slamming [Plaintiff] into the ground and holding her down to the ground against her will." (*Id.* at ¶ 114).

Plaintiff further alleges that one of the Officers fabricated evidence to justify the arrest and swore to materially misleading and false allegations. (*Id.* at ¶ 33). One of the Officers, Officer Giraldo, "already had a history of violating Miami-Dade County Police Department's stated procedures, of preparing inaccurate and incomplete reports, of misrepresenting or falsifying reports, and of detaining individuals without probable cause" and Defendant, "despite being aware of Giraldo's history…failed to take sufficient steps to correct Giraldo's behavior." (*Id.* at ¶¶ 48-49).

Based on the above, Plaintiff alleges that Defendant has institutionalized "unconstitutional policies, customs and practices", including: "maintain[ing] an unwritten practice whereby supervising officers charged with reviewing the accuracy and sufficiency of arrest affidavits fail to take corrective action against officers who have falsified or misrepresented facts in their arrest affidavits; "foster[ing] an unwritten policy whereby its officers arrest individuals despite the knowledge that those individuals have not committed acts that legally constitute RWOV or Disorderly Conduct; and "failure to properly train its officers" which "results in individuals being arrested without just cause and in violation of their constitutional rights." (*Id.* at ¶¶ 60-63, 65).

Plaintiff asserts six claims against the Defendant, including: false arrest and false imprisonment (Count I), negligent hiring or retention (Count III), negligent failure to train and supervise (Count IV), deprivation of civil rights by excessive use of force (Count VI), battery (Count VIII), and gross negligence (Count IX). (*Id.* at ¶¶ 66-122). Plaintiff alleges that the illegal arrest and excessive force she was subjected to constitutes an "institutionalized practice of the

Miami-Dade County Police Department, which was known to and ratified by Defendant Miami-Dade County." (*Id.* at ¶ 33). Defendant moves to dismiss arguing that Plaintiff's state law claims are barred by sovereign immunity and Plaintiff's 42 U.S.C. § 1983 claims fail to state a claim for municipal liability.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court will grant a motion to dismiss if the complaint fails to state a claim for which relief can be granted. To survive dismissal, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At this stage of the case, "the question is whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In ruling on a motion to dismiss, the Court "accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff." *Speaker v. U.S. HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Dismissal is only appropriate "when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

3

### III.  DISCUSSION

Defendant moves to dismiss Counts I, VIII, and IX of the Amended Complaint on two grounds: failure to comply with the notice requirement of Florida Statute § 768.28(6)(a) and sovereign immunity. (ECF No. 59). While failure to comply with the notice requirement is a "temporary procedural bar to a lawsuit against the State or one of its subdivisions", *Widmer v. Caldwell,* 714 So.2d 1128, 1129 (Fla. 1st DCA 1998), that often results in the dismissal of a lawsuit without prejudice, *VonDrasek v. City of St. Petersburg,* 777 So. 2d 989, 991 (Fla. 2nd DCA 2000), the Court finds grounds for dismissal with prejudice based on sovereign immunity. Defendant also moves to dismiss Counts III, IV and VI for failure to state a claim, which the Court addresses below.

#### A.  Sovereign Immunity

"The doctrine of sovereign immunity provides that Defendant, as a political subdivision of the State of Florida, is immune from suit except in those circumstances where the State has given its consent to be sued." *Moore v. Miami-Dade Cnty.*, 502 F. Supp. 2d 1224, 1234-35 (S.D. Fla. 2007) (citing *Cauley v. City of Jacksonville*, 403 So. 2d 379, 381 (Fla. 1981). Florida Statute § 768.28(9)(a) waives sovereign immunity of state agencies for torts in specified circumstances, including: the state officer, employee, or agent "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). *See also id.* at § 768.28(2) ("state agencies and subdivisions" include "counties and municipalities").

"The question of whether an act was committed with malicious purpose, bad faith, or with wanton and willful disregard is not a question that must be submitted to a jury, but rather, can be decided by the Court depending on the facts." *Blue v. Miami-Dade Cnty.*, No. 10-23599-CIV, 2011

WL 2447699, at *2 (S.D. Fla. June 15, 2011) (citing *Prieto v. Malgor,* 361 F.3d 1313, 1320 (11th Cir.2004)). Dismissal is proper where the plaintiff's allegations "can only equate with the kind of intentional, malicious misconduct by a state employee that does not give rise to municipal liability under Florida's waiver of sovereign immunity statute." *Terry v. Rodriguez*, No. 09-23726, 2010 WL 2342382, at *2 (S.D. Fla. June 7, 2010). *Cf. Khoury v. Miami-Dade Cnty.*, No. 20-21841-CIV-JEM, 2020 WL 6290154 (S.D. Fla. Oct. 27, 2020) ("when faced with two plausible and competing inferences, the Court is required to construe the allegations in a pleading in the light most favorable to the nonmoving party at the dismissal stage.").

Defendant moves to dismiss Plaintiff's claims for false arrest and false imprisonment (Count I), battery (Count VIII), and gross negligence (Count IX), because "accepting the allegations in the Amended Complaint as true, the Officers' actions can only be characterized as having been committed in bad faith or with malicious purpose". (ECF No. 59 at 6). The Court agrees. Plaintiff alleges that during her encounter with the Officers, whom she called for help, she was "physically attacked and violently manhandled", (ECF No. 51 at ¶¶ 34, 50), even though she "did not threaten the officers present…in any way" and "did not take any action that could be perceived as threatening." (*Id.* at ¶¶ 29-30). Plaintiff states that the Officers "arrested [Plaintiff] without probable cause *as a matter of fact*" and "*as a matter of law*". (*Id.* at ¶¶ 52-53). Plaintiff alleges that one of the Officers fabricated evidence to justify the arrest and swore to materially misleading and false allegations. (*Id.* at ¶ 33). Plaintiff further alleges that the Officers "intentionally caused bodily harm to [Plaintiff] by using excessive force upon her person, grabbing her against her will without lawful cause, slamming [Plaintiff] into the ground and holding her down to the ground against her will." (*Id.* at ¶ 114).

These allegations—that the Officers used excessive force on a nonthreatening person,

arrested her without probable cause, and fabricated evidence to falsify the arrest affidavit—support Defendant's claim of sovereign immunity because when accepted as true, cannot be characterized as anything but acts committed in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Florida Statute § 768.28(9)(a). *See Gregory v. Miami-Dade Cnty., Fla.*, 719 F. App'x 859, 873-74 (11th Cir. 2017) ("Accepting as true the facts alleged in the complaint . . . no version of the facts pled in this particular case support a claim that [the officer] acted without wanton and willful disregard of [the plaintiff's] rights. Sovereign immunity therefore attaches to the claims against Miami-Dade [County]."). *See also Terry*, 2010 WL 2342382 at *2; *Moore*, 502 F. Supp. 2d at 1235; *Dukes v. Miami-Dade Cnty.*, No. 05-22665-CIV, 2006 WL 8433284 at *2 (S.D. Fla. July 10, 2006). Counts I, VIII, and IX must be dismissed with prejudice.

### B. 42 U.S.C. § 1983

Plaintiff has failed to state a claim against Defendant with respect to those claims falling under 42 U.S.C. § 1983, including: negligent hiring or retention (Count III), negligent failure to train and supervise (Count IV), and deprivation of civil rights by excessive use of force (Count VI).

"Under Section 1983, local governments can be sued for monetary, declaratory, or injunctive relief for alleged unconstitutional action pursuant to an officially adopted policy, ordinance, regulation, or decision; or a governmental custom which "has not received formal approval through ... official decision making [sic] channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). However, "[t]here can be no policy-based liability or supervisory liability when there is no underlying constitutional violation." *Cantrell v. McClure*, 805 F. App'x 817, 822 (11th Cir. 2020) (citing *Knight through Kerr v. Miami-Dade Cnty.*, 856

6

F.3d 795, 821 (11th Cir. 2017)). Therefore, for § 1983 liability to attach to a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)).

"In order to establish section 1983 liability against a county based on an *unofficial custom or practice,* 'a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" *Moore v. Miami-Dade Cnty.*, 502 F. Supp. 2d 1224, 1231 (S.D. Fla. 2007) (citing *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1481 (11th Cir.1991)). The plaintiff can either identify an official municipal policy that permits a constitutional violation, or an unofficial custom or practice—demonstrated by repeated acts of a final policymaker—that caused the plaintiff's constitutional violation. *See id.* at 1232. Further, a municipality cannot be held liable under a *respondeat superior* theory. *Diaz v. Miami-Dade Cnty.*, 424 F. Supp. 3d 1345, 1361–62 (S.D. Fla. 2019), *aff'd*, 849 F. App'x 787 (11th Cir. 2021) (citing *Monell*, 436 U.S. at 692). Rather, "only those officials who have *final policymaking authority* may render the municipality liable under Section 1983." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (quoting *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir.1996) (emphasis in original)).

Here, Plaintiff alleges, "on information and belief", that Defendant has "unconstitutional policies, customs and practices," that violated her constitutional rights and caused her injuries, including: "maintain[ing] an unwritten practice whereby supervising officers charged with reviewing the accuracy and sufficiency of arrest affidavits fail to take corrective action against

officers who have falsified or misrepresented facts in their arrest affidavits; "foster[ing] an unwritten policy whereby its officers arrest individuals despite the knowledge that those individuals have not committed acts that legally constitute RWOV or Disorderly Conduct; and "failure to properly train its officers" which "results in individuals being arrested without just cause and in violation of their constitutional rights." (ECF No. 51 at ¶¶ 60-63, 65). Plaintiff further alleges that these "institutionalized practice[s] of the Miami-Dade County Police Department," were "known to and ratified by Defendant Miami-Dade County." (*Id.* at ¶ 63). As to the Officers who arrested Plaintiff, she asserts that "Giraldo already had a history of violating Miami-Dade County Police Department's stated procedures, of preparing inaccurate and incomplete reports, of misrepresenting or falsifying reports, and of detaining individuals without probable cause" and Defendant, "despite being aware of Giraldo's history…failed to take sufficient steps to correct Giraldo's behavior." (*Id.* at ¶¶ 48-49).

These allegations are insufficient to support Plaintiff's claims. Plaintiff has failed to identify an official or unofficial policy that caused her alleged constitutional violations. *See Diaz v. Miami-Dade Cnty.*, 424 F. Supp. 3d 1345 (S.D. Fla. 2019), *aff'd*, 849 F. App'x 787 (11th Cir. 2021) ("Plaintiff's complaint is based on his sole incident of arrest, not on a demonstrated practice that results in deprivation of constitutional rights."); *Cluff v. Miami-Dade Cnty.*, No. 21-23342-CIV, 2022 WL 700971, at *3 (S.D. Fla. Feb. 1, 2022), *aff'd*, No. 22-10704, 2022 WL 16757095 (11th Cir. Nov. 8, 2022) ("Plaintiffs cannot manufacture a County or Miami-Dade Fire custom based on broad-sweeping conclusory statements without citation to any supporting documents or other specific examples indicative of such a custom."). Nor has plaintiff identified any repeated acts of a final policymaker to demonstrate an unofficial custom that caused her constitutional violation. *See Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011) ("Proof of a single

incident of unconstitutional activity is not sufficient to impose liability" against a municipality…because a custom must be such 'a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it'") (citations omitted).

Plaintiff presents no evidence outside of her own arrest to support her allegations of an unconstitutional policy, custom, or practice, thus, Counts III and IV must be dismissed for failure to state a claim under the second prong of *Monell*. *See Sosa v. Martin Cnty., Fla.,* 13 F.4th 1254 (11th Cir. 2021), *reh'g en banc granted, opinion vacated*, 21 F.4th 1362 (11th Cir. 2022), and *on reh'g en banc*, 57 F.4th 1297 (11th Cir. 2023) ("[the plaintiff] points to no data other than his own rearrest…to support his information-and-belief allegation. For that reason, [the plaintiff] did not plead enough facts to set forth a *Monell* practice claim, and the district court did not err in dismissing that claim.") (citations omitted).

### C. Dismissal With Prejudice

Defendant requests that the Court dismiss Plaintiff's claims against Defendant with prejudice. *See* (ECF No. 59 at 18). A court may dismiss claims with prejudice when another attempt to amend the complaint would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Upon review of the relevant pleadings, it is apparent that any attempt to amend the pleadings would be futile. The Court further notes that Plaintiff previously had an opportunity to amend her Initial Complaint by filing the Amended Complaint after Defendant filed its First Motion to Dismiss raising similar arguments as those in the pending Motion to Dismiss. *See* (ECF No. 45). As such, Plaintiff's claims against Defendant should be dismissed with prejudice and without leave to amend.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, (ECF No. 59), is **GRANTED**.

2. Counts I, III, IV, VI, VIII, and IX of Plaintiff's Amended Complaint, (ECF No. 51), are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims shall proceed against Defendants Alejandro Giraldo and Juan Calderon.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27 day of June 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record